# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50246
c/w No. 15-50247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS SAGUN-VILLAREAL,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1214-1
USDC No. 2:14-CR-1230-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Sagun-Villareal pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326 and was sentenced within the guidelines range to 57 months of imprisonment, to be followed by three years of supervised release. The district court also revoked Sagun-Villareal's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50246
c/w No. 15-50247

supervised release on a prior conviction and imposed a consecutive sentence within the advisory range of 8 months.

On appeal, Sagun-Villareal argues that the court committed procedural error by failing to articulate reasons for ordering that the sentences run consecutively. He also challenges the substantive reasonableness of his sentence, arguing that his revocation sentence should not have been imposed consecutively to the sentence for the new conviction. Finally, he challenges the application of U.S.S.G. § 2L1.2 in calculating his guidelines range because he asserts that the Guideline is not empirically based. We review these newly raised arguments for plain error. S*ee United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Sagun-Villareal's claim that the district court failed to provide adequate reasons for imposing a consecutive revocation sentence is not supported by the record. The district court provided reasons, citing to Sagun-Villareal's criminal history. *See* 18 U.S.C. § 3553(c); *United States v. Whitelaw*, 580 F.3d 256, 262 (5th Cir. 2009). With regard to Sagun-Villareal's arguments that the two sentences combined to produce an unreasonable total prison term, this court has rejected similar arguments. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Additionally, Sagun-Villareal's argument challenging the application of § 2L1.2 has been consistently rejected. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Accordingly, the judgments of the district court are AFFIRMED.